UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EDDIE JIM MORRISON,<br><br>            Plaintiff,<br><br>     v.<br><br>THE KROGER COMPANY, INC., an Ohio corporation, d/b/a FRED MEYER,<br><br>            Defendant. | CASE NO. C09-5183BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant's Motion for Summary Judgment (Dkt. 17). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On March 3, 2009, Plaintiff Eddie Jim Morrison filed a complaint against Defendant The Kroger Company, Inc., in the Superior Court of Washington in and for the County of Pierce. Dkt. 1, Exh. 2. Plaintiff alleges that (1) he was terminated by Defendant in retaliation for reporting safety violations and (2) he suffered various injuries while working for Defendant. *Id.*

On April 1, 2009, Defendant removed the matter to this Court. Dkt. 1.

ORDER - 1

On January 15, 2010, Defendant filed a motion for summary judgment. Dkt. 17. Plaintiff did not respond. On February 12, 2010, Defendant filed a reply brief. Dkt. 24. On February 19, 2010, Plaintiff filed an Exhibit R. Dkt. 25. On February 25, 2010, Plaintiff filed Exhibits S, T, U, & V. Dkt. 26. These exhibits mainly deal with discovery matter between Plaintiff and Defendant's counsel.

## II. FACTUAL BACKGROUND

Plaintiff was an employee of Fred Meyer at its Puyallup Grocery Distribution Center ("Distribution Center") from October 11, 1999 until June 5, 2008. Dkt. 18, Declaration of Thomas Potter ("Potter Decl."), ¶ 2.

On or about April 2, 2008, Plaintiff was involved in a collision with another employee at the Distribution Center while working on the floor. *Id*. ¶ 3. Defendant claims that the collision could have been avoided and therefore issued Plaintiff and the other employee written warnings. *Id*. Plaintiff filed a written grievance with his union regarding the issuance of the warning. *Id*.

Defendant claims that, in addition to the grievance, Plaintiff began sending threatening emails to employees at Fred Meyer's main office in Portland, Oregon, demanding large sums of money in exchange for his silence regarding alleged safety issues. *Id*. ¶ 4; *id*., Exh. 2 (email). For example, on May 18, 2008, Plaintiff promised he would refrain from contacting any regulatory agency regarding undisclosed safety violations in exchange for a "$3 million dollar severance." Dkt. 19, Declaration of Chris Weinans ("Weinans Decl."), Exh. 8.

In late May 2008, Plaintiff's emails were given to Carl Wojciechowski, Group Vice President of Human Resources for Fred Meyer Stores, Inc. Dkt. 20, Declaration of Carl Wojciechowski, ¶ 2. Mr. Wojciechowski claims that he reviewed the emails and concluded that "Plaintiff's email demands were dishonest and tantamount to attempted extortion." *Id*. ¶ 4. Mr. Wojciechowski decided that Plaintiff's conduct violated

ORDER - 2

company policies, and drafted a termination letter for Plaintiff's manager to sign and deliver to Plaintiff. *Id.* ¶¶ 4–5.

After Plaintiff was terminated, he filed a complaint with the Washington Department of Labor and Industries. Weinans Decl., Exh. 10. The Department conducted a preliminary investigation of Plaintiff's complaint and determined that there were not sufficient facts to take action on Plaintiff's behalf. *Id.*

### III. DISCUSSION

Defendant moves for summary judgment on both of Plaintiff's claims. Dkt. 17 at 10. Plaintiff did not respond and the Court may consider that failure "as an admission that [Defendant's] motion has merit." Local Rule CR 7(b)(2).

**A.     Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     Defendant's Motion**

Plaintiff asserts that (1) he was terminated by Defendant in retaliation for reporting safety violations and (2) he suffered various injuries while working for Defendant. Defendant argues that it is entitled to summary judgment because Plaintiff's retaliation claim is time barred, Plaintiff cannot meet his burden of proof on his retaliation claim, and Plaintiff may not assert a claim against his employer for injuries incurred during employment.

     **1.     Retaliation**

Plaintiff has not identified the law under which he claims retaliation. Defendant argues that it is entitled to summary judgment on a Title VII retaliation claim; a claim under the Washington Industrial Safety and Health Act, RCW 49.17.160; and a wrongful discharge in violation of public policy tort, *see Gardner v. Loomis Armored, Inc.*, 128 Wn.2d 931, 936 (1996). Dkt. 17 at 12–18. The Court will address all three possibilities.

          **a.     Title VII**

Under § 704 of the Civil Rights Act of 1964, it is unlawful "for an employer to discriminate against any of his employees . . . because [the employee] has opposed any

practice made an unlawful employment practice by [Title VII], or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3 (2000).  To make out a prima facie case of retaliation under Title VII, a plaintiff must demonstrate that "(1) [he] engaged in a protected activity, (2) [he] suffered an adverse employment action, and (3) there was a causal link between [his] activity and the employment decision." *Raad v. Fairbanks North Star Borough Sch. Dist.*, 323 F.3d 1185, 1196-97 (9th Cir. 2003).  If Plaintiff is able to assert a prima facie retaliation claim, the "burden shifting" scheme articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applies.  *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002).

Under *McDonnell Douglas*, once Plaintiff makes out a prima facie case of retaliation, "the burden shifts to [Defendant] to articulate a legitimate, non-discriminatory reason for the adverse employment action." *Manatt v. Bank of Am., N.A.*, 339 F.3d 792, 800 (9th Cir. 2003).  If Defendant articulates such a reason, Plaintiff "bears the ultimate burden of demonstrating that the reason was merely a pretext for a discriminatory motive." *Id.* (internal quotation marks and citation omitted).

In this case, even if Plaintiff established a prima facie case of retaliation, Defendant has stated a legitimate reason for the adverse employment action and Plaintiff has failed to show that Defendant's reason is merely pretext.  Defendant has submitted evidence that Plaintiff was terminated because he requested money in exchange for his silence regarding alleged safety violations at Defendant's Distribution Center.  Plaintiff has failed to submit any evidence that Defendant's reason for termination is pretext.  Therefore, to the extent that Plaintiff is asserting a Title VII retaliation claim, the Court grants Defendant's motion for summary judgment on that claim.

      **b.**    **RCW 49.17.160**

The Washington Industrial Safety and Health Act protects employees against discrimination and/or retaliation as follows:

ORDER - 5

> (1) No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding or because of the exercise by such employee on behalf of himself or others of any right afforded by this chapter.
> (2) Any employee who believes that he has been discharged or otherwise discriminated against by any person in violation of this section may, within thirty days after such violation occurs, file a complaint with the director alleging such discrimination. Upon receipt of such complaint, the director shall cause such investigation to be made as he deems appropriate. If upon such investigation, the director determines that the provisions of this section have been violated, he shall bring an action in the superior court of the county wherein the violation is alleged to have occurred against the person or persons who is alleged to have violated the provisions of this section. If the director determines that the provisions of this section have not been violated, the employee may institute the action on his own behalf within **thirty days** of such determination. In any such action the superior court shall have jurisdiction, for cause shown, to restrain violations of subsection (1) of this section and order all appropriate relief including rehiring or reinstatement of the employee to his former position with back pay.

RCW 49.17.160 (emphasis added).

In this case, Defendant argues that Plaintiff's Washington Industrial Safety and Health Act claim is time barred. The Court agrees. On July 22, 2008, the Washington Department of Labor and Industries found that RCW 49.17.160 had not been violated based on Plaintiff's complaint alleging discrimination. Wienans Decl., Exh 10. On March 3, 2009, Plaintiff filed the instant complaint in state court, Dkt. 1, Exh. 2, which was more than thirty days after the department's determination that RCW 49.17.160 had not been violated. Therefore, the Court grants Defendant's motion for summary judgment on Plaintiff's Washington Industrial Safety and Health Act claim.

### c. Wrongful Discharge in Violation of Public Policy

To state a claim for wrongful discharge in violation of public policy, Plaintiff must demonstrate (among other things) the existence of a clear public policy (the "clarity" element) and that there is no other adequate way to protect that public policy except to allow him to pursue the claim (the "jeopardy" element). *Korslund v. Dyncorp Tri-Cities Servs., Inc.*, 156 Wn.2d 168, 178 (2005).

ORDER - 6

In this case, Defendant argues that Plaintiff fails to establish the jeopardy element of his claim because RCW 49.17.160 protects employees from retaliation for "whistleblowing" on safety issues and provides a process by which the employee claiming retaliation can pursue a claim. Dkt. 17 at 13-14. The Court agrees. Therefore, the Court grants Defendant's motion for summary judgment on this claim because Plaintiff has failed to establish a material element of the claim.

### 2.    Plaintiff's Personal Injury Claims

In Washington, whenever an employee is injured on the job, regardless of whether it is the result of his own negligence, a coworker's negligence, or his employer's negligence, he is entitled to receive benefits pursuant to the Washington Industrial Insurance Act, including both medical care and lost wages. *See* RCW Title 51. Unless the employee can show that the employer deliberately intended to injure him, he may not sue his employer for additional damages. RCW 51.24.020.

In this case, Defendant argues that for each of Plaintiff's alleged injuries, Plaintiff submitted claims pursuant to the Washington Industrial Insurance Act. Moreover, Plaintiff has failed to show that Defendant deliberately intended to injure him. Therefore, the Court grants Defendant's motion for summary judgment on this claim.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment (Dkt. 17) is **GRANTED**.

DATED this 12th day of March, 2010.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge

ORDER - 7