UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EDDIE JIM MORRISON,<br><br>   Plaintiff,<br><br>   v.<br><br>THE KROGER COMPANY, INC., an Ohio corporation, d/b/a FRED MEYER,<br><br>   Defendant. | CASE NO. C09-5183BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff's Motion for Reconsideration (Dkt. 30). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On March 3, 2009, Plaintiff Eddie Jim Morrison filed a complaint against Defendant The Kroger Company, Inc., in the Superior Court of Washington in and for the County of Pierce. Dkt. 1, Exh. 2. Plaintiff alleges that (1) he was terminated by Defendant in retaliation for reporting safety violations and (2) he suffered various injuries while working for Defendant. *Id.*

On April 1, 2009, Defendant removed the matter to this Court. Dkt. 1.

ORDER - 1

On January 15, 2010, Defendant filed a motion for summary judgment. Dkt. 17. Plaintiff did not respond. On February 12, 2010, Defendant filed a reply brief. Dkt. 24. On February 19, 2010, Plaintiff filed an Exhibit R. Dkt. 25. On February 25, 2010, Plaintiff filed Exhibits S, T, U, & V. Dkt. 26. These exhibits mainly deal with discovery matters between Plaintiff and Defendant's counsel.

On March 12, 2010, the Court granted Defendant's motion because Plaintiff failed to meet his burden of proof on his Title VII retaliation claim, Plaintiff's claim under the Washington Industrial Safety and Health Act was time barred, and, under Washington law, Plaintiff could not sue his employer for his alleged on-the-job injuries. Dkt. 28.

On March 18, 2010, Plaintiff filed a Motion for Reconsideration. Dkt. 30.

## II. FACTUAL BACKGROUND

Plaintiff was an employee of Fred Meyer at its Puyallup Grocery Distribution Center ("Distribution Center") from October 11, 1999 until June 5, 2008. Dkt. 18, Declaration of Thomas Potter ("Potter Decl."), ¶ 2.

On or about April 2, 2008, Plaintiff was involved in a collision with another employee at the Distribution Center while working on the floor. *Id.* ¶ 3. Defendant claims that the collision could have been avoided and therefore issued Plaintiff and the other employee written warnings. *Id.* Plaintiff filed a written grievance with his union regarding the issuance of the warning. *Id.*

Defendant claims that, in addition to the grievance, Plaintiff began sending threatening emails to employees at Fred Meyer's main office in Portland, Oregon, demanding large sums of money in exchange for his silence regarding alleged safety issues. *Id.* ¶ 4; *id.*, Exh. 2 (email). For example, on May 18, 2008, Plaintiff promised he would refrain from contacting any regulatory agency regarding undisclosed safety violations in exchange for a "$3 million dollar severance." Dkt. 19, Declaration of Chris Weinans ("Weinans Decl."), Exh. 8.

In late May 2008, Plaintiff's emails were given to Carl Wojciechowski, Group Vice President of Human Resources for Fred Meyer Stores, Inc. Dkt. 20, Declaration of Carl Wojciechowski, ¶ 2. Mr. Wojciechowski claims that he reviewed the emails and concluded that "Plaintiff's email demands were dishonest and tantamount to attempted extortion." *Id.* ¶ 4. Mr. Wojciechowski decided that Plaintiff's conduct violated company policies, and drafted a termination letter for Plaintiff's manager to sign and deliver to Plaintiff. *Id.* ¶¶ 4–5.

After Plaintiff was terminated, he filed a complaint with the Washington Department of Labor and Industries. Weinans Decl., Exh. 10. The Department conducted a preliminary investigation of Plaintiff's complaint and determined that there were not sufficient facts to take action on Plaintiff's behalf. *Id.*

### III. DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

In this case, Plaintiff appears to argue that the Court committed manifest error in the prior ruling because he has not submitted any new facts or legal authority in his motion. *See* Dkt. 30. First, Plaintiff argues that this is the improper venue for this action. *Id.* at 1-2. This Court, however, is the proper venue for this action because the allegations occurred in Puyallup, Washington.

Second, Plaintiff argues that his termination was wrongful because "a criminal conviction can never be" supported based on his demands for large sums of money from his employer. Dkt. 30 at 2-3. Defendant, however, only had the burden of showing that Plaintiff's termination was for a legitimate reason. *See* Dkt. 28 at 4-5. Defendant met that burden and was entitled to summary judgment as a matter of law. *Id.*

ORDER - 3

Third, Plaintiff argues that Defendant should not have issued him a written warning because the accident that led to the warning could not have been avoided. Dkt. 30 at 6-7. This argument is irrelevant because, even if the accident could have been avoided, Plaintiff's claims for relief would still be futile.

Finally, the remainder of Plaintiff's motion consists of unsupported allegations of ongoing safety violations at Defendant's warehouse and irrelevant arguments regarding discovery issues. These issue are wholly without merit.

Therefore, the Court denies Plaintiff's motion for reconsideration because he has failed to make a showing of manifest error in the Court's prior ruling.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration (Dkt. 30) is **DENIED**.

DATED this 24th day of March, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4